DAVID R. WRIGHT (Utah State Bar No. 5164; E-Mail: dwright@wnlaw.com)
KIRK R. HARRIS (Utah State Bar No. 10221; E-Mail: kharris@wnlaw.com)
GREGORY E. JOLLEY (Utah State Bar No. 11686; E-Mail: gjolley@wnlaw.com)
WORKMAN | NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Attorneys for Plaintiff ICON HEALTH & FITNESS, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>RELAX-A-CIZOR PRODUCTS, INC., d/b/a THE STICK/RPI OF ATLANTA, a Georgia corporation,<br><br>　　　　　　Defendants. | Case No. 1:12-cv-00017-SA<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Magistrate Judge Samuel Alba |

Plaintiff ICON HEALTH & FITNESS, INC. ("ICON") hereby complains against defendant, RELAX-A-CIZOR PRODUCTS, INC., d/b/a THE STICK/RPI OF ATLANTA ("Relaxacizor") and alleges as follows:

### PARTIES

1. ICON is a Delaware corporation with its principal place of business located at 1500 South 1000 West, Logan, Utah 84321.

2. ICON alleges on information and belief that defendant Relaxacizor is a Georgia corporation with its principal place of business located at 120 Interstate North Parkway East, Suite 440, Atlanta, GA 30339.

## JURISDICTION AND VENUE

3. This is a civil action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1051 et seq.

4. Relaxacizor is subject to personal jurisdiction in this District because, on information and belief, Relaxacizor has transacted business, contracted to supply goods or services, and caused injury within the State of Utah, and has otherwise purposely availed itself of the privileges and benefits of the laws of the State of Utah, pursuant to Utah Code Ann. § 78B-3-205 (2008).

5. ICON alleges on information and belief that Relaxacizor has sold, contracted to sell, or contracted to supply its goods for sale at retail stores in Utah.

6. On information and belief, Relaxacizor is the owner of the domain names www.thestick.com and http://intracell.info/, through which Relaxacizor provides interactive web sites that are available to persons within the State of Utah.

7. On information and belief, Relaxacizor advertises, markets, and sells its goods through its web sites, which advertising, marketing, and selling are available to the purchasing public in the State of Utah.

8. Relaxacizor's sale, advertising, and marketing of its goods relate to the claims asserted by ICON, and form the basis, at least in part, for ICON's claims.

9. This Court's exercise of personal jurisdiction over Relaxacizor is consistent with the Constitutions of the United States and the State of Utah.

10. Venue is proper in this District pursuant to, at least, 28 U.S.C. § 1391(b)–(c).

## GENERAL ALLEGATIONS

11. ICON advertises, markets, and sells a variety of exercise equipment consumer products.

12. On or about January 11, 2012, Relaxacizor sent a letter to Gold's Gym International regarding an 18" massage stick manufactured by ICON and branded with the Gold's Gym trademark. A copy of that letter is attached as Exhibit A. In that letter, Relaxacizor claims that it advertises and sells massage devices under the trademark "The Stick."

13. Relaxacizor claims to be the owner of the trademark "The Stick," U.S. Trademark Reg. No. 1,842,703 (the "Trademark").

14. In its letter dated January 11, 2012, Relaxacizor asserts that the sale of the Gold's Gym branded 18" massage stick infringes the Trademark. Relaxacizor threatens suit, demanding, among other things, the immediate cessation of "all use and distribution of massage devices under a name that includes the word 'stick'."

15. As a result of Relaxacizor's actions, ICON has a reasonable apprehension that Relaxacizor will file suit alleging infringement of the Trademark.

16. ICON denies that any of its activities or products infringe the Trademark.

17. A substantial, continuing, and justiciable controversy exists between ICON and Relaxacizor as to Relaxacizor's right to threaten or maintain suit for alleged infringement of the Trademark and as to the validity, scope, and enforceability of the Trademark.

## FIRST CAUSE OF ACTION
(For Declaratory Judgment of Non-infringement of Trademarks, 15 U.S.C. § 1051 et seq.)

18. ICON realleges and incorporates the foregoing paragraphs as though fully set forth herein.

19. Relaxacizor has claimed that the sale of ICON's Gold's Gym branded massage sticks constitutes trademark infringement, and has threatened to bring a lawsuit on this basis.

20. ICON alleges that its activities do not infringe the Trademark.

21. ICON seeks a declaratory judgment from this Court that its use of the word "stick" in advertising, marketing, and selling massage sticks does not infringe the Trademark.

## REQUEST FOR RELIEF

WHEREFORE ICON respectfully requests relief against Relaxacizor as follows:

1. For a declaratory judgment that:

    a. ICON does not infringe the Trademark; and

    b. Relaxacizor, and those acting in concert with it or acting with knowledge of the judgment hearing, are without right or authority to threaten or maintain suit against ICON, or users of ICON's products, for alleged infringement of the Trademark.

2. For an injunction prohibiting Relaxacizor, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice thereof, from initiating infringement litigation against, and from threatening, ICON or purchasers or users of ICON's products or services with infringement litigation or charging any of them verbally or in writing with infringement of the Trademark, or representing to any of them that infringement has occurred, because of any activities of ICON.

3. For costs and reasonable attorneys' fees incurred herein.

4.     For such other and further relief as the Court may deem appropriate.

## JURY DEMAND

ICON requests a jury trial on all issues so triable.

DATED: January 30, 2012

                                         WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION

                                         By  /s/ David R. Wright
                                                David R. Wright
                                                Kirk R. Harris
                                                Gregory E. Jolley
                                          Attorneys for Plaintiff
                                         ICON HEALTH AND FITNESS, INC.