IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ICON HEALTH AND FITNESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RELAX-A-CIZOR PRODUCTS, INC., D/B/A THE STICK/RPI OF ATLANTA, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING COUNT NINE OF RELAX-A-CIZOR PRODUCTS, INC.'S COUNTERCLAIM** <br><br> Case No. 1:12–CV–00017–EJF <br><br> Magistrate Judge Evelyn J. Furse |

Icon Health & Fitness, Inc. ("ICON") and Gold's Gym International ("GGI") move this Court to dismiss Count Nine of Relax-a-Cizor Products, Inc.'s d/b/a The Stick/RPI of Atlanta ("RPI") Counterclaim (ECF No. 51) under Federal Rules of Civil Procedure 8 and 12(b)(6) for failure to state a claim upon which this Court may grant relief.[1] (ECF No. 66.) Count Nine of RPI's Counterclaim alleges ICON and GGI's actions constitute unfair methods of competition in commerce or trade under the Utah Unfair Practices Act ("UUPA"), Utah Code Ann. §§ 13–5–1 to –18.

The Court has read the Motion and Memoranda submitted for and against ICON and GGI's Motion to Dismiss and GRANTS that Motion.[2] Because RPI does not allege any actions that fall within the express language of the Utah Unfair Practices Act, Utah Code Ann. §§ 13–5–

---

[1] The parties consented to the exercise of jurisdiction by the undersigned Magistrate Judge under 28 U.S.C. § 636(c). (ECF No. 12.)

[2] The Court determined it can decide the Motion based on the briefing and does not need oral argument. *See* DUCivR 7-1(f).

1 to –18, RPI fails to state a claim under the Utah Unfair Practices Act. Accordingly, the Court dismisses with prejudice Count Nine of RPI's Counterclaim.[3]

## FACTUAL BACKGROUND[4]

RPI owns the registered trademark "THE STICK" for goods identified as "'hand held body massage devices, namely, non-electric rolling pins attached with hand grips.'" (Countercl. 8, ECF No. 51 (quoting Trademark Registration).) Sometime in 2011, RPI learned of a similar massage product marketed as the "MASSAGE STICK" and sold under GGI's trademark. (*Id.* at 11.) In January 2012, RPI sent a cease-and-desist letter to GGI stating that GGI's product directly infringed RPI's "THE STICK" trademark. (*Id.*) RPI offered to settle the dispute if GGI agreed to: "(1) immediately cease all use and distribution of massage devices under a name that includes the word 'stick', (2) destroy all printed brochures/flyers/products with the infringing name within it, and (3) identify all customers that have received the infringing products." (*Id.* at 12.) GGI did not respond to RPI's cease-and-desist letter. (*Id.*) ICON filed this action seeking a declaratory judgment that its use of "MASSAGE STICK" does not infringe RPI's trademark for "THE STICK." (*Id.*)

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss brought under Rule 12(b)(6), "a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214

---

[3] This Court previously granted RPI's motion to voluntarily dismiss without prejudice Count Five of RPI's Counterclaim against ICON and GGI. (*See* ECF Nos. 68, 73.) Thus, the Court has already separately addressed dismissal of Count Five.

[4] The Court recites the following facts from RPI's Answer and Counterclaim (ECF No. 51).

(10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While "'a court must accept as true all of the allegations contained in a complaint,'" this rule does not apply to legal conclusions.  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A] plaintiff must offer specific factual allegations to support each claim."  *Id.* (citation omitted).  A complaint survives only if it "states a plausible claim for relief."  *Id.* (citation omitted).

## DISCUSSION

### A. The Utah Unfair Practices Act

RPI's Counterclaim alleges ICON and GGI intentionally and willfully infringed RPI's trademark and improperly profited from this infringement and these actions constitute Unfair Practices.  (Countercl. 12, 22-23, ECF No. 51.)  In response to ICON and GGI's argument that RPI fails to state a UUPA claim, RPI points to the following allegations of wrongful conduct:

- making use of, distributing, selling, and marketing the name and mark "MASSAGE STICK" in commerce after "THE STICK" had become famous and distinctive ([ECF No. 51] at 9-11, 16 ¶¶ 13, 17-18, 49).

- "adopt[ing] and continu[ing] to use RPI's federally registered trademark, with full [actual and constructive] knowledge of RPI's superior rights, and with full knowledge that their infringing use of RPI's mark was intended to cause confusion, mistake, and/or deception" (*id.* at 12-15, 18, 21 ¶¶ 22, 34-35, 55, 71);

- "offer[ing] their [identically styled] product under the infringing mark in the same channels of trade as those in which RPI sells its product" (*id.* at 14 ¶ 36);

- "deliberately and willfully attempt[ing] to trade on RPI's long-standing and heard-earned [*sic*] goodwill in its name and marks and the reputation established by RPI in connection with its products and services . . . and to pass off their products and services in commerce as those of RPI, and to deceive RPI" (*id.* at 15, 17, 20 ¶¶ 41, 53, 69); and

- "engag[ing] in unfair competition by intentionally using RPI's name and mark" (*id.* at 17 at ¶ 53)[.]

(Mem. Opp'n 3, ECF No. 69.)  Count Nine also includes conclusory allegations like the following: "Defendants' actions constitute unfair methods of competition in commerce or trade,

-3-

including because they offend public policy; they are immoral, unethical, oppressive, and/or unscrupulous; and/or they cause substantial injury to consumers." (Countercl. 22, ECF No. 51.) Essentially, RPI argues its allegations that ICON and GGI's "deliberate, knowing, and willful use of RPI's mark and the reputation and goodwill associated therewith to distribute, market, and sell their 'MASSAGE STICK' in violation of the Registration" suffice to state a claim under the UUPA. (*See* Mem. Opp'n 8–9, ECF No. 69.)

This Court has carefully read and considered the allegations in RPI's Answer, Affirmative Defenses, and Counterclaim, (ECF No. 51), and concludes RPI fails to state a UUPA claim.

The UUPA disallows "[u]nfair methods of competition in commerce or trade." Utah Code Ann. § 13–5–2.5. The UUPA's declaration of policy states:

> The Legislature declared that the purpose of this act is to safeguard the public against the creation or perpetuation of monopolies and to foster and encourage competition, by prohibiting unfair and discriminatory practices by which fair and honest competition is destroyed or prevented. *This act shall be liberally construed that its beneficial purposes may be subserved.*

Utah Code Ann. § 13–5–17 (emphasis added) (internal footnote omitted). The UUPA explicitly describes certain anticompetitive behavior it prohibits: anticompetitive price discrimination (Utah Code Ann. § 13–5–3) and advertising goods one cannot supply (Utah Code Ann. § 13–5–8). *See also Garrard v. Gateway Fin. Servs., Inc.*, 2009 UT 22, ¶ 6, 207 P.3d 1227, 1229 ("Specifically, the Act prohibits anticompetitive discriminatory pricing and advertising goods the retailer is not prepared to supply.") (citing Utah Code Ann. §§ 13–5–3, –8). Because of the specificity of the UUPA, courts have interpreted the UUPA narrowly.

In *Garrard*, the plaintiff brought suit against a process server after a party had used inaccurate proofs of service to obtain a default judgment against the plaintiff on a consumer loan.

The plaintiff cited the UUPA's policy statement in asking the Supreme Court of Utah "to expand the reach of the Unfair Practice Act beyond anticompetitive methods to unfair and discriminatory practices as defined by the federal Cigarette Rule." *Garrard*, 2009 UT 22, ¶ 7, 207 P.3d at 1229. "Under the [Cigarette Rule], the federal agency considers three factors in determining whether an act is unfair or discriminatory: (1) whether the act offends public policy as established by statute, common law, or otherwise; (2) whether the act is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers or competitors." *Id.* (citation omitted). The Federal Trade Commission applies this rule in enforcing the Federal Trade Commission Act, which the plaintiff argued so approximated the UUPA that the same rule should apply. *Id.* at ¶ 8. The Utah Supreme Court found "the legislature intended the [UUPA] to apply only to anticompetitive behavior" as opposed to all commercial activity. *Id.* at ¶ 11, 207 P.3d at 1230. Because the plaintiff did not compete against the process server, the court found the UUPA did not apply. *Id.* at ¶ 12. Because the UUPA's language is unambiguous, the Utah Supreme Court declined to expand the UUPA's reach. *Id.* at ¶ 11.

Like the plaintiff in *Garrard*—and pointing to allegations containing many Cigarette Rule buzz words—RPI asks this Court to read the scope of the UUPA broadly. Unlike the *Garrard* plaintiff, RPI does compete with ICON and GGI, based on the allegations of the counterclaim. Because the Lanham Act and UUPA share similar language, RPI argues this Court should read the UUPA to make trademark infringement unlawful under state law. (Mem. Opp'n 6–7, ECF No. 69.) RPI points to the decision in *Klein-Becker USA, LLC v. Englert*, No. 2:06-CV-378 TS, 2011 WL 147893 (D. Utah Jan. 18, 2011), *aff'd*, 711 F.3d 1153 (10th Cir. 2013), to support its argument that the UUPA extends to trademark infringement. But *Klein-Becker* presented a different issue. The court had found the defendants in *Klein-Becker* liable

under the UUPA as a sanction for discovery misconduct—not on the merits. *Klein-Becker*, 2011 WL 147893, at *1. Thus the only issue the court determined on the merits related to damages. *Id.* at *15–16. Therefore, *Klein-Becker* does not provide precedent on the issue of whether the UUPA permits a state cause of action for trademark infringement.

Moreover, "[n]either the [UUPA]'s general purpose 'to safeguard the public against the creation or perpetuation of monopolies and to foster and encourage competition' nor the 'liberal construction' of its terms can extend civil liability . . . beyond the 'unfair and discriminatory practices' expressly 'prohibit[ed]' by the Act itself." *MacArthur v. San Juan Cnty.*, 416 F. Supp. 2d 1098, 1181 (D. Utah 2005) (citation omitted). Conclusory allegations of a UUPA violation will not suffice to state a claim for relief; nor will a "generalized assertion" of trademark infringement, an arguably unfair act not enumerated in the UUPA. *See MacArthur*, 416 F. Supp. 2d at 1181 ("Where, as here, the plaintiffs fail to plead or otherwise identify acts by one or more defendants that violate the Utah Unfair Practices Act's specific provisions, neither the conclusory allegation of a violation nor the generalized assertion of interference with freedom of contract can sustain their treble damages claims under that Act."). In *Wolfe Tory Med., Inc. v. C.R. Bard, Inc.*, No. 2:07-CV-378 TS, 2008 WL 1968559, at *2 (D. Utah May 5, 2008), the court rejected the plaintiff's argument that *MacArthur* and another federal court's decisions analyzing the UUPA, *Anapoell v. Am. Express Bus. Fin. Corp.*, No. 2:07-CV-198-TC, 2007 WL 4270548 (D. Utah Nov. 30, 2007), wrongly "require[ed] an allegation of a violation of a specific provision of the [UUPA]."

Although the *MacArthur*, *Anapoell*, and *Wolfe* cases preceded the Supreme Court of Utah's decision in *Garrard*, all four opinions consistently strictly adhere to the UUPA's express language. *Compare Garrard*, 2009 UT 22, ¶¶ 6–12, 207 P.3d at 1229–30 (declining to expand

-6-

scope of UUPA to cover unfair and discriminatory commercial practices as defined by the federal Cigarette Rule based on UUPA's unambiguous language), *with MacArthur*, 416 F. Supp. 2d at 1179–81 (construing UUPA as requiring allegation of violation of specific provision), *and Anapoell*, 2007 WL 4270548, at *7–9 (dismissing UUPA claim that did not cite specific provision of UUPA and rejecting plaintiff's argument that UUPA covers "*either* unfair *or* discriminatory practices") (emphasis in original), *and Wolfe*, 2008 WL 1968559, at *1–2 (denying leave to amend to add UUPA claim where proposed amended complaint did not include allegations of decrease in competition or discrimination in price).

Nowhere does RPI allege either ICON or GGI has violated any provision of the UUPA. Accordingly, RPI fails to state a UUPA claim.

### B. Leave to Amend

In its opposition memorandum RPI seeks leave to amend Count Nine to correct any pleading deficiencies. (*See* Mem. Opp'n. 4, 9, ECF No. 69.) As evidenced by the discussion above, RPI cannot state a UUPA claim based on the trademark infringement alleged. Thus, any attempt at amendment would prove futile.[5] The Court therefore denies RPI's request for leave to amend. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (noting courts may deny leave to amend pleadings for futility) (citations omitted).

---

[5] Should RPI think it can state a claim for the price discrimination or advertising practices enumerated in the UUPA, it may move the Court to amend with a proposed amended complaint alleging facts to support the claims.

## CONCLUSION

For the reasons set forth above, the Court GRANTS ICON and GGI's Motion to Dismiss ([ECF No. 66](ECF No. 66)). The Court hereby DISMISSES WITH PREJUDICE Count Nine of RPI's counterclaims.

DATED this 2nd day of January, 2014.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge